# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAMSBURG NATIONAL INSURANCE COMPANY,<br><br>Defendant. | 1:07-cv-00718 GSA<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY<br>(Document 38) |

## INTRODUCTION

Pending before the court is Plaintiff United States Fire Insurance Company ("US Fire")'s motion for certificate of appealability and entry of final judgment pursuant to Federal Rules of Civil Procedure rule 54(b) of this Court's November 19, 2008, order partially granting Defendant Williamsburg National Insurance Company ("Williamsburg")'s motion for summary judgment. (See Doc. No. 35.) Defendant filed an opposition on March 6, 2009. The court has considered the pleadings and has determined that these matters are suitable for decision without oral argument pursuant to Local Rule 78-230(h). The hearing scheduled for March 20, 2009, will be vacated, and the parties need not appear. Upon consideration of all the pleadings, this Court will find that Plaintiff's motion for certificate of appealability and entry of final judgment pursuant to rule 54(b) of the Federal Rules of Civil Procedure should be DENIED.

**RELEVANT PROCEDURAL BACKGROUND**

On June 30, 2008, Williamsburg filed a Motion for Summary Judgment. (Doc. No. 16.) On July 1, 2008, US Fire filed its Motion for Summary Adjudication. (Doc. No. 18.) On July 2, 2008, each party filed its amended pleadings. (Doc. Nos. 19 & 20). On August 1, 2008, each party filed its opposition to the other party's pending motion. (Doc. Nos. 21 & 22.) One week later, on August 8, 2008, each party filed its reply. (Doc. Nos. 24 & 25.) On August 13, 2008, US Fire filed a Statement Of Objection To Williamsburg Raising A New Ground For Summary Judgment In Its Reply. (Doc. No. 27.) On November 19, 2008, this Court issued its order granting in part and denying in part the motions for summary judgment. More particularly, this Court ordered that US Fire's Motion for Summary Adjudication be denied. The court granted Williamsburg's Motion for Summary Judgment on the second cause of action for equitable contribution and denied the motion regarding the first cause of action for declaratory relief. (Doc. No. 35.)

Thereafter, on February 6, 2009, US Fire filed the instant motion. Williamsburg filed its opposition on March 6, 2009.

US Fire seeks an order from this Court directing entry of final judgment as to the Order dated November 19, 2008, granting Williamsburg's motion for summary judgment as to US Fire's cause of action for equitable contribution. US Fire relies upon Federal Rules of Civil Procedure rule 54(b), claiming such an appeal "will streamline this litigation" because a trial on the remaining cause of action for declaratory relief would be moot if the November 19, 2008, order was affirmed on appeal. Additionally, US Fire seeks a stay of the instant proceedings pending a decision on appeal.

Williamsburg opposes the motion. Defendant argues that US Fire may have pled two causes of action, yet it asserts only one claim - the right to equitable contribution. As a result, rule 54(b) of the Federal Rules of Civil Procedure is inapplicable as it only pertains to actions involving multiple claims. Additionally, Williamsburg counters that granting the motion would frustrate judicial economy because in the event US Fire were to prevail on appeal, the appellate court would remand the matter for further proceedings regarding the permissive-use issue.

Lastly, Williamsburg contends that US Fire may obtain immediate relief by dismissing its declaratory relief cause of action.

**STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure provides as follows:

> **Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim - or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The burden is on the party seeking certification to demonstrate that the case warrants certification. *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). In order for a district court to certify a judgment for appeal pursuant to Federal Rules of Civil Procedure rule 54(b), a party must show that: (1) there must be more than one claim involved in the action, (2) the court finally adjudicated at least one of these claims, and (3) there are no just reasons to delay an appeal. *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446, U.S. 1, 8 (1980).

There exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted).

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties.

*Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *see also Gausvik v. Perez*, 392 F.3d 1006, 1009, n.2 (9th Cir. 2004) ("in the interest of judicial economy, Rule 54(b) should be used sparingly").

//
//
//

# DISCUSSION

***More Than One Claim For Relief***

Rule 54(b) of the Federal Rules of Civil Procedure applies to actions presenting "more than one claim for relief - whether as a claim, counterclaim, crossclaim, or third-party claim . . .." Here, US Fire has failed to show that it has asserted "more than one claim for relief." As stated in *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742-744:

> Rule 54(b) does not apply to a single claim action . . .. It is limited expressly to multiple claims actions in which one or more but less than all of the multiple claims have been finally decided and are found otherwise to be ready for appeal. Here, however, respondents set forth but a single claim: that petitioner's employee insurance benefits and maternity leave regulations discriminated against its women employees in violation of Title VII of the Civil Rights Act of 1964. They prayed for several different types of relief in the event that they sustained the allegations of their complaint, but their complaint advanced a single legal theory which was applied to only one set of facts. Thus, despite the fact that the District Court undoubtedly made the findings required under the Rule had it been applicable, those findings do not in a case such as this make the order appealable pursuant to 28 U.S.C. § 1291.

(Internal citations & quotation marks omitted.) US Fire seeks two remedies: (1) declaratory relief regarding whether E&B Trucking, Inc. and Jose Esteves Lourenco were permissive users of the trailers owed by John R. Lawson Rock and Oil, Inc., and (2) equitable contribution toward defense and indemnity costs incurred by US Fire in Fresno County Superior Court case number 05CECG02660, *Barron, et al. v. E & B Trucking, Inc., et al.* Remedies and claims, however, are not one in the same. Again, a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. at 743, n.4.

This Court is persuaded by the opinion in *Great American Insurance Company of New York v. North American Specialty Insurance Company*, 2008 WL 1774981 (D. Nev. Apr. 15, 2008). In *Great American*, the district court denied defendant's motion for summary judgment, finding that defendant had a duty to defend the defendants in an underlying action. The district court also found defendant was liable for a portion of plaintiff's expenses related to the underlying action. The district court granted partial summary judgment to plaintiff. Thereafter, defendant moved the court for, among other things, an order certifying its grant of partial summary judgment to plaintiff for an interlocutory appeal. *Great American*, at *1. The district

court held that defendant failed to meet its burden because while plaintiff's complaint sought two remedies, it asserted only one legal right: defendant's duty to defend its insured. *Great American*, at *3.

Here, as Williamsburg points out in its opposition, US Fire asserts only one legal right: the right to contribution from Williamsburg for the costs US Fire incurred to defend and indemnify E&B and Lourenco in the underlying *Barron* action.

Plaintiff US Fire asserts that should the Ninth Circuit affirm this Court's "determination that Williamsburg need not contribute to E&B and Lourenco's defense and indemnity costs even if [it] prevails on the permissive user issue, there is little or no reason for a trial on the permissive user issue." (Mtn., at 6.) However, the fact that there may be "little or no reason for a trial" on the remaining issue does not make for an unusual case. The Ninth Circuit has stated that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reasons." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005). In sum, US Fire has not set forth a "seriously important reason" for certifying an early appeal.

### *Piecemeal Appellate Litigation*

"A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result . . .." *Morrison-Knudsen Company, Inc., v. Archer*, 655 F.2d at 965. In light of the similarity of legal and factual issues present here - whether or not E&B and Lourenco were permissive-users of Lawson's trailers - a Rule 54(b) would only be proper "to avoid a harsh and unjust result." The court has not identified any harsh or unjust result faced by US Fire. The facts are logically related.

As pointed out by Williamsburg, in the event US Fire were to prevail on the early appeal it seeks, the matter would be remanded to this Court for further proceedings on the permissive-use issue. Thereafter, either party may seek an appeal. In such an instance, the appellate court would be asked to review the same issue more than once - a result that is to be avoided. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991).

1    Therefore, the court finds that interests of sound judicial administration require the parties to reach a final judgment in this case before Plaintiff US Fire may appeal the court's November 19, 2008, order. As such, US Fire's motion for certification under Rule 54(b) is DENIED. Relatedly, US Fire's request for a stay of the action is DENIED.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court hereby ORDERS as follows:

1. US Fire's motion for certificate of appealability and entry of final judgment of the November 19, 2008, order is DENIED;

2. US Fire's request for a stay of the proceedings is DENIED;

3. The Clerk of the Court is directed to VACATE the hearing scheduled for March 20, 2009, at 9:30 a.m.

IT IS SO ORDERED.

Dated: **March 12, 2009**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE